**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

HELEN LURENE ELIAS #A206-552-763          CASE NO.  6:26-CV-00020 SEC P

VERSUS                                                        JUDGE JAMES D. CAIN, JR.

U S IMMIGRATION & CUSTOMS              MAGISTRATE JUDGE DAVID J. AYO
ENFORCEMENT

## <u>MEMORANDUM ORDER</u>

Before the Court is "Plaintiff's Motion for a One Year Temporary Restraining Order and/or Preliminary Injunction" (Doc.21).

## <u>BACKGROUND</u>

Petitioner is a native and citizen of Barbados who was admitted to the United States on March 15, 1991, as a nonimmigrant visitor authorized to remain until June 14, 1991, but chose to remain beyond that period without authorization.[1]   On October 2, 2015, the Department of Homeland Security served Petitioner with a Notice to Appear charging her as removable under 8 U.S.C. § 1227(a)(1)(B) for overstaying her admission.[2] An Immigration Judge ordered Petitioner removed on May 15, 2025. The Board of Immigration Appeals dismissed her appeal on October 6, 2025, rendering the removal order administratively final. Petitioner has remained detained at the South Louisiana ICE Processing Center since approximately June 6, 2025.

---

[1] Defendant's exhibit A, att. to Doc. 16.
[2] *Id.*

In her Motion, Petitioner informs the Court that she was convicted of Grand Larceny, forgery and fraud, and has lived in New York for 36 years.[3]

## **LAW AND ANALYSIS**

Ms. Elias argues that She is "Ideally Qualified for Bond."[4] She argues that the temporary restraining order and/or preliminary injunction should be granted due to the Court's misinterpretation of 8 U.S.C. § 1225(a) versus § 1225(b).

A party seeking a temporary restraining order or preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

---

[3] Doc. 21, p. 5.
[4] *Id.*

Here, the bare allegations Petitioner has raised are insufficient to show a likelihood of success on the merits. Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion for a One Year Temporary Restraining Order and/or Preliminary Injunction" (Doc.21) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 11th day of May, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**